UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  6:20-CR-00048-07 |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| JEROME JACKSON (07) | MAGISTRATE JUDGE PATRICK J. HANNA |

## MEMORANDUM RULING

Before the Court is defendant Jerome Jackson's first Motion for Release of Custody Pending Sentencing.  Rec. Doc. 501.  For the following reasons, this Motion is **DENIED.**

### I. Factual and Procedural Background

This is a complex narcotics conspiracy case with numerous defendants.  Jerome Jackson pled guilty to Count 1 of the Third Superseding Indictment before Magistrate Judge Patrick Hanna, who recommended that the Court adopt that guilty plea.  Rec. Doc. 500.  The Court adopted that recommendation.  Rec. Doc. 507.  The maximum sentence for this count is twenty (20) years.  After pleading guilty, Mr. Jackson filed this Motion, requesting that the Court release him from custody prior to sentencing pursuant to 18 U.S.C. §3145(c) citing health concerns regarding his underlying health conditions and potential for exposure to Covid-19.

### II. Legal Standard

18 U.S.C. §3143 is the primary statute controlling the release or detention of defendants pending sentencing or an appeal.  Subsection (a)(2) of this statute applies to defendants who have been found guilty of certain offenses, including those found guilty of an offense "prescribed in the Controlled Substances Act" which has "a maximum term

of imprisonment of ten years or more." 18 U.S.C. §3142(f)(1)(C). Under 18 U.S.C. §3143(a)(2), the defendant must be detained unless one of the following exceptions applies: 1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted;" or 2) the government is recommending that "no sentence of imprisonment be imposed" and there is "clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. §3143(a)(2)(A-B).

18 U.S.C. §3145 also allows a Court to release a defendant pending sentencing if the defendant meets two requirements. First, he must meet the conditions of release set forth in 18 U.S.C. §3143(a)(1), requiring "clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. §3143(a)(1). Second, the defendant must "clearly show[] that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. §3145(c); United States v. Carr, 947 F.2d 1239, 1240 (5th Cir. 1991) (allowing release pending sentencing under 18 U.S.C. §3145(c)). While the Fifth Circuit has not clarified what constitutes such exceptional circumstances, other Circuits have set a high bar. The Second Circuit held that this statute would only apply in situations that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." United States v. DiSomma, 951 F.2d 494, 497 (2nd Cir. 1991). The Eighth Circuit held that it requires a situation that is "clearly out of the ordinary, uncommon, or rare." United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) (quoting United States v. Larue, 478 F.3d 924, 926 (8th Cir. 2007). Further, district courts in the Fifth Circuit have generally imposed a high standard for what would constitute "exceptional circumstances."

See <u>United States v. Burnett</u>, 2019 WL 5067951 at *5 (N.D.Tex. October 9, 2019) (listing district court cases denying release for exceptional circumstances for a variety of reasons).

### III. Analysis

The defendant has pled guilty to a violation of the Controlled Substances Act and faces a statutory maximum penalty of twenty (20) years of imprisonment. Thus, to be released, he must either meet the conditions found in 18 U.S.C. §3143(a)(2) or 18 U.S.C. §3145(c). Here, the defendant has pled guilty and, to date, the Government has given no indication that it will recommend no prison sentence. Consequently, Mr. Jackson does not meet the requirements for release for 18 U.S.C. §3143(a)(2).[1]

Regarding 18 U.S.C. §3145(c), the Court finds that the defendant has not met his burden of demonstrating to the court "exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. §3145(c). The sole reason provided by Mr. Jackson is that he has diabetes and high blood pressure, which put him at higher risk should he contract Covid-19 while incarcerated. Rec. Doc. 501 at 2-3. Mr. Jackson argues that given the prevalence of Covid-19 in correctional facilities, detaining him pending sentencing would be inappropriate. <u>See id.</u> The Court finds that these type of health concerns fall well short of the "extraordinary circumstances" requirement found in 18 U.S.C. §3145(c). There is nothing in this situation which makes Mr. Jackson's case "clearly out of the ordinary, uncommon, or rare" as required by the statute. <u>Little</u>, F.3d at 1211. Thus, release under this statute would be inappropriate.

---

[1] The defendant acknowledges that he seeks relief under Section 3145 because he is otherwise precluded from release under Section 3143(a)(2) in his Motion. <u>See</u> Rec. Doc. 501 at 3.

## IV. Conclusion

Because the Court finds that the defendant does not meet any of the statutory requirements for release pending sentencing, the Motion for Release pending Sentencing, Rec. Doc. 501, is **DENIED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 4th day of February, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT